TOMÁS PÉREZ ESCOLAR, Plaintiff and Appellee, *v.* RAMÓN COLLADO and FEDERAL INSURANCE COMPANY, Defendants and Appellants.

No. R-63-22.   Decided September 22, 1964.

*Ponsa Feliú, Calderón & Souss* for appellants. *Carlos E. Colón* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

In its brief statement of facts the brief for plaintiff-appellee contains quite an acceptable summary of the juridical facts which we shall consider in this case: "At the time of the accident involved in this case plaintiff was the owner of a Chevrolet motor vehicle which was insured with co-defendant Federal Insurance Company. The policy, which is attached to the record, contains an omnibus clause covering as additional insurer any person who operates the vehicle

with the express or implied consent of the owner. The policy also contains, in its definitions of insured and additional insureds, a clause which provides that the insurance shall not apply to any employee with respect to injury to another employee of the same employer, injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer.

"On October 11, 1960, plaintiff and codefendant Ramón Collado, both employed as technical engineers of Puerto Rico Water Resources Authority, went to the ward of Monacillos of Río Piedras, Puerto Rico, in plaintiff's automobile to attend an official meeting of technicians of the Puerto Rico Water Resources Authority, the meeting having ended around 5:00 p.m. After the meeting ended at the aforesaid hour, they started back to Ponce for their respective homes, stopped on their way to dine and have some beer, and at ten in the evening and near the town of Cayey, Puerto Rico, the vehicle operated by codefendant Ramón Collado, with the express and implied consent of plaintiff, crashed into a concrete rampart on the left-hand side of the Cayey-Ponce road, as a result of which the automobile was destroyed and both of them sustained great bodily injury."

Plaintiff-appellee bases his cause of action against a third party, notwithstanding he is the initial insured under the policy, on the omnibus clause which makes him a third party in view of the negligence of the additional insured, Ramón Collado, who is covered by the policy, and on the pertinent provisions of § 1802 of the Civil Code of Puerto Rico. Defendants-appellants, on the contrary, base their petition before this Court on two errors: (1) the ruling of the trial court that the express exclusion of the insurance policy involved in this case does not apply to the facts involved herein with respect to coemployees whenever an accident arises out of the use of a vehicle in the business of the same employer; (2) the ruling of the same court that the

accident in question was due to the fault and negligence of codefendant Ramón Collado.

The omnibus clause of the policy reads as follows: "(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. The insurance with respect to any person or organization other than the named insured or such spouse does not apply: . . . (2) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."

As may be seen, the practical effect of the omnibus clause is that it makes coemployee Ramón Collado the insured, directly responsible for the negligent operation of the vehicle, in which case the owner of the automobile becomes a third party as respects the injuries received through the fault of the additional insured. On the other hand, the exclusion of the coemployee of the same employer, by reason of the fact that the risk is covered by labor insurance, does not operate in a situation such as this in which the insured rather than the employer himself is a coemployee. Moreover, as correctly alleged by plaintiff-appellee, all these exclusions are subject to the general principle of extracontractual fault of § 1802 of our Civil Code (1930).

Section 1802 assumes that in human society every man owes to his fellow creature that degree of care and vigilance as will enable him to enjoy his life with safety. According to our holding in *Pagán* v. *Guardiola*, 78 P.R.R. 372, 374

(Belaval) (1955), based on the judgment of October 20, 1950, of the Supreme Court of Spain, "the obligation to pay damages for a wrongful act flows, in the quasi-delictive sphere, from the lack of prudence or diligence which is normally due in the ambit of human coexistence." As stated by Federico Puig Peña, the all-inclusive norm established by § 1802 converts the injury received into an alteration which "in the harmony of the injured's world is the product of such action or omission." IV-II Puig Peña, *Tratado de Derecho Civil Español* 571 (1951).

■ In *Hernández* v. *Fournier*, 80 P.R.R. 94, 97 (Saldaña) (1957), we established the fundamental elements of the indemnity pursuant to § 1802: "According to the section in question, which establishes one of the fundamental principles of our jurisprudence—that of the Aquilian liability for personal acts—all damage, whether material or moral, gives rise to reparation if three requirements or elements are met: *first*, proof of the reality of the damage suffered; *second*, a causal relation between the damage and the action or omission of another person; and *third*, said act or omission is negligent or wrongful."

■ In *Correa* v. *P.R. Water Resources Authority*, 83 P.R.R. 139, 149 (Santana Becerra) (1961), we reaffirmed the same principle: "In the direction pursued by our case law, giving full meaning to the clear and simple provisions of § 1802, which as it has been classified by Puig Peña 'is a broad *blanket type* [author's italics] *which rules every norm of the extracontractual responsibilities which the law extracts from the multiple facets of real life*' (italics ours); and as Castán indicates with respect to the *aquilian culpa* represents a damage without any preceding juridical relation 'except for the generic duty, common to all men, of not causing damage to another (*alterum non laedere*)'; and that 'all damage whether material or moral, gives rise to

reparation once the damage is real and proved'." Regarding the interpretation of the insurance contract as an adhesion contract, see *Maryland Cas. Co.* v. *S. J. Racing Ass'n*, 83 P.R.R. 538, 545 (Dávila) (1961); *Zequeira* v. *U.R.H.C.*, 83 P.R.R. 847, 850–51 (Belaval) (1961); *Barreras* v. *Santana*, 87 P.R.R. 215, 219 (Rigau) (1963).

■■ For the reasons stated, the principle that a person who causes damage to another is obliged to repair the same, depending on the degree of fault imputable to him, should control the judicial decision of any controversy on this matter. Regarding the exclusion clauses of policies, the same should be considered as strictly applicable to every contract of adhesion and always bearing in mind the possibility that the agreement may be void under § 1207 of our Civil Code (1930), which establishes as unbending principle that: "The contracting parties may make the agreement and establish the clauses and conditions which they may deem advisable, provided they are not in contravention of law, morals, or public order." However, in this case it is clear that the exclusion clause is not applicable to the relationship existing between the parties.

■ The second question deals with the weighing of the evidence and the inferences which may be drawn from the facts proved regarding the fault of the additional insured, Ramón Collado. The facts which the trial court found proved are supported by the evidence, the inference being, as a matter of law, that the additional insured, Ramón Collado, was at fault.

The judgment rendered by the Superior Court of Puerto Rico, Ponce Part, on January 4, 1963, will be affirmed.